BERBER LIMITED, A LIMITED PARTNERSHIP ASSOCIA-
TION, PLAINTIFF, v. THE BOARD OF ADJUSTMENT OF
THE TOWNSHIP OF TEANECK, A MUNICIPAL CORPO-
RATION, AND WILLIAM W. DUNLOP, BUILDING IN-
SPECTOR, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 12, 1964.

*Mr. David A. Gelber,* attorney for plaintiff.

*Mr. Jacob Schneider,* attorney for defendants.

O'DEA, J. C. C. (temporarily assigned). This is an action in lieu of prerogative writs to review the action of defendant board of adjustment in denying a variance to reconvert the first floor of an old residence to residence use.

It appears from the stipulations of fact that the building when originally constructed was a large one-family residence in a then residential area. Later, and about 50 years ago, as neighborhood changes occurred and the large residence became obsolete, it was converted into a combination apartment and store premises, with the second and third stories of the residence converted into two apartments and the first floor converted into two stores with commercial-type store fronts added to the front of the residence.

Plaintiff contends the area is blighted with old-fashioned residences similarly converted; and there is no market in the area sufficient to support the commercial enterprise, with the result that many of the other commercial conversions are closed and vacant.

Plaintiff contends that the situation of a former residence partially converted to commercial first floor use, in an area where there is insufficient demand for commercial stores to rent the first floor stores for a long period of time, imposes an undue hardship on plaintiff if he is not permitted a variance to reconvert the first floor back to its original residential use.

Defendant opposes the variance, urging technical side-yard and front-yard setback violations of the zoning ordinance, as well as a three-story residence violation. The board found no hardship shown by plaintiff. It also found crowding, sub-

standard planning and nonconformity of the proposed plan to the character required for residential use.

We find these grounds specious. A comparison of the existing dilapidated, unsightly, run-down, unoccupied store fronts as shown in the exhibits at trial, with the architect's rendition of the proposed apartment fronts, clearly discloses that the variance would enhance and improve the neighborhood and other properties in the area. The Tenement House Commission has approved the plans. There is a four-family house next door on the corner, and on the south side there is a one-family house which has been converted into a two-family house. Further, the premises are presently predominantly residential, with two three-room apartments and two five-room apartments on the upper floors fully rented and occupied. Thus the premises, like the neighborhood, is predominantly residential.

Plaintiff, in seeking the variance to make the whole premises residential, further offered to conform to such conditions as the board might propose to further protect the neighborhood zoning plan, scheme and present use.

Therefore, we find the variance should be granted and remand the matter to the board to the end that the variance may be recommended on such terms and conditions as the board finds reasonable under the circumstances.

An order may be entered accordingly.